## LOCKE v. RIDDLE.

(Court of Appeals of District of Columbia. Submitted May 10, 1926. Decided June 1, 1926.)

No. 1853.

Patents ⊕106(2).

It is prerequisite to an award of priority based on a prior forfeited application that such application disclose and furnish a basis for the claims in issue.

Appeal from the Commissioner of Patents.

Interference proceeding between Fred M. Locke and Frank H. Riddle. From a decision awarding priority to the latter, the former appeals. Affirmed.

C. S. Davis and H. H. Simms, both of Rochester, N. Y., for appellant.

Wilber Owen, of Toledo, Ohio, and J. H. Milans and C. T. Milans, both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from a decision of the Patent Office in an interference proceeding awarding priority to the appellee Riddle.

The invention relates to "porcelains possessing mechanical and high dielectric strength and heat resistance, the porcelains being capable of use as spark plug insulators in high compression, high speed, internal combustion engines." There are 14 counts, of which the first, seventh, and thirteenth are here reproduced as sufficiently illustrative.

"1. A vitreous body formed from aluminum silicate and a previously fused flux of low alkali content, said body having the characteristics of vitrifaction, and high insulation under heat."

"7. The process of making porcelain which consists in molding into shape and firing to vitrifaction a mixture free or substantially free from feldspar, containing clay, and a previously fused flux of low alkali con-

tent showing from chemical analysis silica and an alkali content."

"13. The process of making porcelain which consists in molding into shape and firing to vitrifaction a mixture free from free silica and containing clay and sillimanite crystals."

The Patent Office has found, and in that finding we concur, that Riddle has clearly established that he conceived all the counts as early as January 21, 1918, and that this conception was followed almost immediately by reduction to practice. Locke, on January 2, 1917, filed an application, No. 140,177, to which we shall refer presently. In the October, 1918, issue of the Journal of the American Ceramic Society there was published an article containing a full disclosure of Riddle's invention. Thereafter Locke permitted his application to be forfeited and filed the application here in interference.

The Patent Office tribunals have commented on this action, and it is only necessary for us to say that the new application discloses an intent and purpose to bring within its scope the subject-matter of Riddle's invention. The opinion of the Assistant Commissioner in this and the companion interference, involved in patent appeal No. 1886, —— App. D. C. ——, 13 F.(2d) 316, fully and satisfactorily sustains the conclusion reached, to the effect that Locke's earlier application contained no disclosure and formed no basis for the claims of this issue. As such disclosure and basis are prerequisites to an award of priority here, it follows that the decision of the Assistant Commissioner was right, and therefore is affirmed.

Affirmed.