## JEFFERY et al. v. LOCKE.

(Court of Appeals of District of Columbia.
Submitted May 10, 1926. Decided
June 1, 1926.)

### No. 1886.

1. Patents ⊂⊐106(2).

A prior forfeited application, to justify an award of priority, must disclose subject-matter of claims in issue.

2. Patents ⊂⊐101.

Ruling that different party to interference proceeding was entitled to award of priority as to particular claim, if he elected to make it, *held* erroneous, where claims in proceeding in which ruling was made were broader than those in the other proceeding.

3. Patents ⊂⊐101.

In interference proceeding, claims must be given broadest interpretation they will reasonably support, and limitations to meet particular situation may not be read into them.

4. Patents ⊂⊐101.

Claims susceptible of a broad interpretation must be assumed to have been selected for the purpose of covering the invention broadly.

Appeal from the Commissioner of Patents.

Interference proceeding between Joseph A. Jeffery and another and Fred M. Locke. From a decree awarding priority to the latter, the former appeal. Reversed as to particular count.

J. H. Milans and C. T. Milans, both of Washington, D. C., and Wilber Owen, of Toledo, Ohio, for appellants.

C. S. Davis and H. H. Simms, both of Rochester, N. Y., for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. [1, 2] This interference is closely related to that involved in patent appeal No. 1853, ——— App. D. C. ———, 13 F.(2d) 315, just decided. Here, as there, priority may not be awarded to Locke, unless a disclosure of the subject-matter of the claims is found in his original and forfeited application. For the reasons stated in our decision in patent appeal No. 1853, we find no such disclosure.

Count 3 of the present interference reads as follows:

"3. A porcelain body formed from a mixture containing clay and sillimanite crystals fused to vitrifaction."

In the view of the Assistant Commissioner, this claim is the substantial equivalent of claim 13 in the prior case, which reads as follows:

"13. The process of making porcelain which consists in molding into shape and firing to vitrifaction a mixture free from free silica and containing clay and sillimanite crystals."

The Assistant Commissioner therefore ruled that this count must be awarded to Locke, "subject to the final determination of priority in interference between Locke and Riddle." In other words, the Assistant Commissioner ruled that, if Riddle elected to make this count in the other interference, priority would be awarded him. In this we think the

Assistant Commissioner erred. The theory upon which the case had proceeded was that the claims in this interference, and particularly claim 3, were broader than the claims in the other interference, and the terminology of claim 3 supports this view.

[3, 4] In an interference proceeding, claims must be given the broadest interpretation they reasonably will support, and limitations to meet the exigencies of a particular situation may not be read into them. Claims susceptible of a broad interpretation, it must be assumed, were selected by the parties for the express purpose of covering the invention broadly. Such is the settled rule in this court. Kirby v. Clements, 44 App. D. C. 12, and authorities there cited. The application of this rule to count 3 necessarily results in an award of priority to Jeffery & Montgomery, since there was no basis for this claim in the forfeited application of Locke.

The decision is reversed as to count 3, which is awarded to Jeffery & Montgomery.

Reversed as to count 3.